RON BENDER (State Bar No. 143364)
JOHN-PATRICK M. FRITZ (State Bar No. 245240)
LEVENE, NEALE, BENDER,
YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: RB@LNBYG.COM, JPF@LNBYG.COM,

Attorneys for Plaintiff Hologenix, LLC

**FILED & ENTERED**

**JUL 13 2026**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY fortier    DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-13849-BR |
| HOLOGENIX, LLC, | Chapter 11 (Subchapter V) |
| Debtor and Debtor in Possession. | |
| HOLOGENIX, LLC, | Adv. Proc. No. 2:22-ap-01098-BR |
| Plaintiff, | **ORDER (1) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, (2) DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND (3) STAYING JUDGMENT FOR A LIMITED TIME** |
| v. | |
| MULTIPLE ENERGY TECHNOLOGIES, LLC, | |
| Defendant. | Date:    May 26, 2026<br>Time:    10:00 a.m.<br>Place:   Courtroom 1545<br>         255 East Temple Street<br>         Los Angeles, California |

On May 26, 2026, after remand by the United States District Court for the Central District of California (the "**District Court**") and in accordance with the Order of the United States Court of Appeals for the Ninth Circuit (the "**Ninth Circuit**"), the Court conducted a hearing on the motion for summary judgment (the "**MSJ**") filed by plaintiff Hologenix, LLC ("**Hologenix**"), in the above-captioned adversary proceeding.  Appearances were as noted on the record at the hearing.

1

The Court having considered the MSJ and the declarations of Todd M. Arnold and Dimple Mehra in support thereof [AP docket no. 13], the opposition and cross-motion for summary judgment (the "**Cross-MSJ**") filed by defendant Multiple Energy Technologies, LLC ("**MET**") [AP docket no. 22], the declaration of Nicole A. Sullivan in support of the Cross-MSJ [AP docket no. 23], Hologenix's reply in support of the MSJ and in opposition to the Cross-MSJ, and the Declaration of Todd M. Arnold in support thereof [AP docket no. 26], Exhibit A and Exhibit B to the Sullivan Declaration, which were attached to MET's motion for leave to file exhibits under seal and are being treated by the Court as if they had been attached to the Sullivan Declaration [AP docket no. 29], the District Court's *Order Re: Bankruptcy Appeals* and *Judgment* entered on March 29, 2024, in District Court Case No. 2:22-cv-07510-FMO, the Ninth Circuit's *Order* entered on February 2, 2026, in Ninth Circuit Case No. 24-2884, Hologenix's post-remand brief in support of entry of summary judgment [AP docket no. 104], MET's post-remand brief in opposition to entry of summary judgment [AP docket nos. 105-106], and Hologenix's reply [AP docket no. 107], and having heard and considered the arguments of counsel at the hearings, for the reasons stated in this Court's separately filed *Findings of Fact and Conclusions of Law in Support of Order (1) Granting Plaintiff's Motion for Summary Judgment, (2) Denying Defendant's Cross-Motion for Summary Judgment, and (3) Staying Judgment for a Limited Time* (the "**Findings**") and on the record at the hearing, for good cause appearing, it is

**ORDERED THAT:**

1.      The MSJ is granted in its entirety.

2.      The Cross-MSJ is denied in its entirety.

3.      The Court shall enter a separate judgment (the "**Judgment**") in favor of Hologenix against MET on all claims for relief asserted by Hologenix in its *Complaint for: (1) Avoidance of Preferential Transfer; (2) Recovery of Avoided Transfer; and (3) Disallowance of Claims*.

4.      For the limited period set forth in this order, the Judgment is stayed to provide MET an opportunity to seek a stay pending appeal from the District Court without need for the filing of an emergency motion in the District Court for a stay pending appeal.  While this Court's stay remains in effect:  (1) the funds deposited by Hologenix into the Court's registry on or about September 18,

2

2024, and all current and future accrued interest thereon (the "**Deposited Funds**") shall remain on deposit with the Clerk of the Court; and (2) MET's claim against Hologenix's bankruptcy estate, as set forth in its proof of claim filed on or about July 8, 2020 ("**POC 15**"), shall not be deemed disallowed pursuant to 11 U.S.C. § 502(d).

5.      If MET does not file a timely notice of appeal of the Judgment, this Court's stay will expire automatically upon expiration of the time to appeal.  In that event, Hologenix shall lodge a proposed order directing the Clerk of the Court to disburse the Deposited Funds to Hologenix.

6.      If MET files a timely notice of appeal and the District Court denies MET's motion for a stay pending appeal, this Court's stay will expire automatically upon entry of the District Court's order denying MET's motion.  In that event, Hologenix shall lodge a proposed order directing the Clerk of the Court to disburse the Deposited Funds to Hologenix.

7.      Release of the Deposited Funds to Hologenix in accordance with this Order, or pursuant to a separate order of this Court, shall be deemed to satisfy MET's payment obligation under the Judgment.

# # # # #

Date: July 13, 2026

_____
Barry Russell
United States Bankruptcy Judge

3