ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
ROYE ZUR, State Bar No. 273875
  *rzur@elkinskalt.com*
LAUREN N. GANS, State Bar No. 247542
  *lgans@elkinskalt.com*
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400
Facsimile: 310.746.4499

Nicole A. Sullivan (pro hac vice)
sullivann@whiteandwilliams.com
Thomas E. Butler (pro hac vice)
butlert@whiteandwilliams.com
WHITE AND WILLIAMS LLP
810 Seventh Avenue, Suite 500
New York, New York 10019
(212) 631-4420

Attorneys for Creditor Multiple Energy
Technologies, LLC

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>HOLOGENIX, LLC,<br><br>    Debtor and Debtor in<br>    Possession.<br><hr>HOLOGENIX, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MULTIPLE ENERGY TECHNOLOGIES LLC,<br><br>    Defendant. | Case No. 2:20-bk-13849-BR<br>Chapter 11 (Subchapter V)<br>Adversary Case No. 2:22-ap-01098-BR<br>Hon. Barry Russell<br><br>**MULTIPLE ENERGY TECHNOLOGIES, LLC'S OBJECTION TO PROPOSED ORDER OR JUDGMENT IN ADVERSARY PROCEEDING RE: FINDINGS OF FACT AND CONCLUSIONS O FLAW IN SUPPORT OF ORDER (1) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND (3) STAYING JUDGMENT FOR A LIMITED TIME**<br><br>Hearing:<br>Date: May 26, 2026<br>Time: 10:00 a.m.<br>Place: Courtroom 1668<br>    255 East Temple Street<br>    Los Angeles, CA 90012 |

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

# TABLE OF CONTENTS

Page

I.    INTRODUCTION AND SUMMARY ...................................................................................1

II.   SPECIFIC OBJECTIONS...................................................................................................1

A.    Objection to All Proposed Findings of Fact and All Proposed Conclusions of Law ................................................................................................................1

B.    Objection to Introductory Statement ..................................................................3

C.    Objections to Proposed Findings 1-6 .................................................................3

D.    Objections to Proposed Findings 7-15, 25, 32 ...................................................4

E.    Objections to Proposed Finding 33 ....................................................................4

F.    Objection to Proposed Finding 46.......................................................................4

G.    Objection to Proposed Finding 47 and Proposed Conclusion of Law 48 .................5

H.    Objection to Proposed Conclusion of Law 49-59 ...................................................5

I.    Objection to Proposed Conclusions of Law 60-61....................................................6

J.    Objection to Proposed Conclusion of Law 63 .........................................................6

K.    Objection to Proposed Conclusion of Law 64 .........................................................7

L.    Objection to Proposed Conclusions of Law 65 and 66 ............................................9

M.    Objection to Proposed Conclusion of Law 69 .........................................................9

N.    Objection to Proposed Conclusion of Law 73 .......................................................10

O.    Objection to Proposed Conclusion of Law 74 .......................................................11

P.    Objection to Proposed Conclusion of Law 77 .......................................................11

Q.    Objection to Proposed Conclusions of Law 78-80.................................................11

R.    Objection to Proposed Conclusion of Law 81 .......................................................12

S.    Objection to Proposed Conclusion of Law 82 .......................................................12

T.    Objection to Proposed Conclusion of Law 83 .......................................................12

U.    Objection to Proposed Conclusions of Law 87 and 88 .........................................13

V.    Objection to Proposed Conclusions of Law 89-90.................................................13

W.    Objection to Proposed Conclusions of Law 91-94.................................................13

X.       Objection to Proposed Conclusions of Law 95-96 ................................................. 14

Y.       Objection to Proposed Conclusions of Law 97 ..................................................... 14

Z.       Objection to Proposed Conclusion of Law 99 ....................................................... 14

AA.    Objection to Proposed Conclusion of Law 100 .................................................... 15

BB.    Objection to Proposed Paragraph 104 ................................................................... 15

CC.    Objection to Proposed Paragraph 105 ................................................................... 16

DD.    Objection to Judgment .......................................................................................... 16

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albino v. Baca*,
  747 F.3d 1162 (9th Cir. 2014)................................................................................................. 5

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ...................................................................................................... 2, 6

*Block v. City of Los Angeles*,
  253 F.3d 410 (9th Cir. 2001)............................................................................................... 6

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ........................................................................................................ 6

*Fraser v. Goodale*,
  342 F.3d 1032 (9th Cir. 2003)............................................................................................. 6

*G&G Prods., LLC v. Cecchi Gori Pictures (In re Cecchi Gori Pictures)*,
  No. NC-18-1042-KuFB, 2019 Bankr. LEXIS 1062 (9th Cir. B.A.P. Mar. 29,
  2019)....................................................................................................................... 2

*Kramer v. Cullinan*,
  878 F.3d 1156 (9th Cir. 2018)............................................................................................. 1

**Statutes**

11 U.S.C. § 547 ........................................................................................ 6, 9, 10, 11, 12, 15

11 U.S.C. § 550 ........................................................................................... 7, 8, 9, 14, 15

-iii-

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

Multiple Energy Technologies, LLC ("MET"), defendant in the above-captioned adversary proceeding, respectfully submits its objection in response to Hologenix, LLC's ("Debtor") *Notice of Lodgment of Order or Judgent in Adversary Proceeding Re: Findings of Fact and Conclsuiosn of Law in Support of Order (1) Granting Plaintiff's Motion for Summary Judgment, (2) Denying Defendant's Cross-Motion for Summary Judgment, and (3) Staying Judgment for a Limited Time* (Adv. Proc. Docket Doc. 109) and to the *[Proposed] Judgment* (Adv. Proc. Docket Doc. 110) (the "Objection").

## I.    INTRODUCTION AND SUMMARY

MET objects to the Proposed Findings and Conclusions because they exceed the scope of the District Court's remand, resolve disputed facts against MET, improperly discount or recharacterize the Sullivan Declaration notwithstanding the District Court's contrary ruling, draw inferences in favor of Hologenix rather than MET, and contain legal conclusions and factual determinations that cannot properly be made on summary judgment.

## II.    SPECIFIC OBJECTIONS

### A.    Objection to All Proposed Findings of Fact and All Proposed Conclusions of Law

MET generally objects to all proposed Findings of Fact and Conclusions of Law to the extent they purport to reflect findings and conclusions actually announced by the Court at the May 26, 2026 hearing.

At the remand hearing, the Court announced its ultimate rulings but did not make the vast majority of the detailed factual findings, credibility determinations, legal analyses, statutory interpretations, or evidentiary findings contained in the Debtor's proposed findings of fact and conclusions of law. Instead, the proposed findings of fact and conclusions of law contain extensive factual determinations, legal analysis, and advocacy that were never stated by the Court during the hearing and appear for the first time in Debtor's proposed submission. At summary judgment, all reasonable inferences must be drawn in favor of the nonmoving party (MET), and the Court may not resolve competing factual inferences against that party. *Kramer v. Cullinan*, 878 F.3d 1156, 1161-62 (9th Cir. 2018). Moreover, at the summary judgment stage, the court does not determine

-1-

the veracity of the claims or weigh the evidence, yet that is what Debtor's proposed Findings do. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *G&G Prods., LLC v. Cecchi Gori Pictures (In re Cecchi Gori Pictures)*, No. NC-18-1042-KuFB, 2019 Bankr. LEXIS 1062, at *26-27 (9th Cir. B.A.P. Mar. 29, 2019).

MET does not waive, and expressly preserves, its objection that the proposed findings of fact and the conclusions of law exceed the Court's oral ruling and contain numerous findings and conclusions that were neither announced by the Court nor supported by specific findings made on the record. To the extent the Court adopts any such findings or conclusions, MET respectfully objects and preserves all rights to challenge them on appeal.

MET further objects that many of the Findings and Conclusions of Law consist of post-hearing legal analysis, statutory interpretation, credibility determinations, and factual findings that were never announced by the Court at the remand hearing. Because the Court did not issue detailed findings on the record and instead directed the submission of proposed findings after announcing its decision, MET objects to the extent the proposed findings are characterized as findings actually made by the Court at the hearing rather than findings subsequently proposed by Debtor and later adopted by the Court. MET further objects because many such findings and conclusions of law are unsupported by the Court's oral ruling and, in numerous instances, unsupported by the summary judgment record. MET further objects that substantial portions of the proposed findings constitute advocacy by Debtor rather than findings actually made by the Court and therefore should not be characterized as the Court's contemporaneous findings from the remand hearing. As such, MET requests that the Court reject the Findings and Conclusions of Law. To the extent it does not do so, MET notes that because the Court has already announced its ruling and because any findings necessary to support that ruling should be made by the Court rather than supplied by the parties, MET does not submit an alternative proposed order. In that instance, MET respectfully requests only that its objections be noted on the record and preserved for further review.

Accordingly, MET preserves its objection that the proposed Findings and Conclusions of Law extend materially beyond the findings and conclusions actually articulated by the Court on the record at the remand hearing.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

### B.    Objection to Introductory Statement

MET objects to the statement in the introduction that "the Court conducted a hearing on the motion for summary judgment," and to the related statement that the Court "heard and considered the arguments of counsel at the hearings" to the extent those statements suggest the parties were afforded a full opportunity to present argument on the merits of Hologenix's renewed request for summary judgment.

At the May 26, 2026 hearing, before hearing substantive argument from MET, the Court announced: "I'll tell you that I don't need any more argument in that" and "I'm not going to have any argument. I know what the facts are." [Docket No. 1161, Transcript of Hearing Held on May 26, 2026 ("Tr."), p. 11 of 52, ll. 19-20; p. 13 of 52, ll. 17-18.] The Court further described the preference claim as "a slam dunk preference" and stated that the conduit theory was "totally without merit." Tr., p. 13 of 52, ll. 16..

When MET's counsel attempted to respond to the Court's decision, the Court stated "I'm not going to hear any further" and "I've read your papers three or four times." Tr., p. 16 of 52, ll. 11-12, 17-19. Later, when MET's counsel again attempted to address the District Court's remand ruling, the Court instructed counsel, "take a deep breath. I didn't ask you" and again declining to hear further substantive argument. Tr., p. 17 of 52, ll. 13-14.

Accordingly, while the parties appeared before the Court, the record reflects that the Court announced its conclusions and repeatedly declined further substantive argument from MET before entering its ruling. The proposed findings should be revised to accurately reflect the proceedings that occurred.

### C.    Objections to Proposed Findings 1-6

The proposed Findings 1-6 that describe the nature of the pre-petition litigation settlement of claims brought by MET against Hologenix fails to include the full terms of the settlement agreement between Hologenix and MET in 2020. The Findings should also include that in exchange for the settlement payments, MET agreed to release Hologenix from its claims and the lifting of any associated litigation risks.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

**D.    Objections to Proposed Findings 7-15, 25, 32**

MET objects to proposed Findings 7-15, 25 and 32 because they repeatedly draw factual inferences in favor of Hologenix and against MET. Moreover, these Findings improperly make credibility determinations and weigh the evidence, which is not proper at summary judgment.

For example, these findings infer that no obligation to Legalist existed before execution of the written Legalist agreement, infer that MET exercised dominion over the transferred funds, and infer that the timing of the transfer conclusively disproves the conduit defense. Each of those issues was disputed by MET's evidence and the District Court's order on remand. Because reasonable competing inferences can be drawn from the record, those findings are inappropriate on summary judgment.

**E.    Objections to Proposed Finding 33**

MET objects to proposed Finding 33, because it likewise draws inferences in favor of Hologenix and against MET. Since MET is the non-movant, all inferences must be drawn in its favor. In addition, proposed finding 33 does not account for the fact that the Liquidation Analysis shows that in a hypothetical chapter 7 case, the Debtor's general unsecured creditors, such as MET, would receive an "Estimated *Minimum* Percentage Dividend" of 4.7% of their allowed claims. As such, it improperly weighs the evidence.

**F.    Objection to Proposed Finding 46**

MET incorporates its Objection to the Introductory Statement as though fully set forth herein.

MET further objects to the statement in proposed Finding 46 that the Court gave "appropriate weight to the statements in the Sullivan Declaration and all exhibits thereto." The District Court reversed the prior summary judgment ruling after determining that the Sullivan Declaration contained competent factual testimony concerning MET's lack of access to the funds and the timing of the transfer, and that those factual statements created a triable issue of fact.

The transcript of the remand hearing reflects that, before hearing substantive argument from MET, the Court stated that the matter was "a slam dunk preference," that the conduit theory was "totally without merit," and that it intended to grant summary judgment. The Court similarly stated

that "no jury could find" for MET and that there were no material facts genuinely in dispute. Tr., p. 18 of 52, ll. 4-5.

Those statements strongly suggest that the Court had already concluded that no triable issue existed notwithstanding the District Court's determination that the Sullivan Declaration created a genuine issue of material fact. Accordingly, the record does not support the finding that the Court gave the Sullivan Declaration and its accompanying exhibits the "appropriate weight" required by the District Court's remand order. Moreover, this Finding improperly makes credibility determinations and weighs the evidence, which is not proper at summary judgment.

### G.     Objection to Proposed Finding 47 and Proposed Conclusion of Law 48

MET objects to proposed Finding 47 and proposed Conclusion of Law 48 because they are vague, overbroad, and serves no discernable factual purpose. The statement "[t]o the extent that any Conclusions of Law set forth below constitues a Finding of Fact, the same is hereby incorporated by reference" is not itself a factual finding. Nor is the statement "[t]o the extent that any of the forgoing Findings of Fact constitutes a Conclusion of Law, the same is hereby incorporated by this reference" is not itself a conclusion of law. Rather, they are blanket incorporation provisions that obscure the distinction between a finding of fact and conclusion of law and make appellate review more difficult.

To the extent the Court intends to make factual findings, those findings should be expressly identified as such. To the extent the Court intends to state legal conclusions, those conclusions should be separately identified. The proposed catch-all incorporation provision should therefore be deleted.

### H.     Objection to Proposed Conclusion of Law 49-59

MET objects to proposed Conclusions of Law 49-59 because they fail to include legal standards for summary judgment that are pertinent to the issues here. Specifically, they fail to include the following:

Where there are genuine questions of fact or credibility determinations that need to be made, summary judgment cannot be granted. *See Albino v. Baca*, 747 F.3d 1162, 1173 (9th Cir. 2014) ("It is black-letter law that in granting summary judgment a district court cannot resolve disputed

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

questions of material fact . . .”). The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

At the summary judgment stage, the court does not determine the veracity of the claims or weight of the evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, a court merely determines whether there is or is not a genuine factual issue for trial. *Liberty Lobby*, 477 U.S. at 249. The inquiry is whether the evidence creates “sufficient disagreement to require submission to a jury.” *Id.* at 242, 251-52. Courts must regard as true the opposing party’s evidence, if supported by an affidavit or other evidentiary material. *Celotex,* 477 U.S. at 324. In fact, summary judgments have been reversed where “declarations set forth facts based on personal knowledge [that] give rise to a triable issue of fact.” *Self-Realization Fellowship Church*, 206 F.3d at 1330; *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001). A party “does not necessarily have to produce evidence in a form that would be admissible at trial for that evidence to be considered at the summary judgment stage. *See Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).

### I.     Objection to Proposed Conclusions of Law 60-61

MET objects to proposed Conclusion of Law 60 on the grounds that the fact that the Sullivan Declaration was signed with her permission by a third-party is irrelevant when the District Court specifically reversed and remanded the summary judgment grant to allow the Court to weigh the Sullivan Declaration. Moreover, MET objects to proposed Conclusion of Law 61 on the grounds that the Court immediately states that it is treating the Sullivan Declaration as if it had been properly signed. As such, the two proposed conclusions of law are therefore unnecessary, internally inconsistent, and appear designed to undermine evidence the District Court already held must be considered.

### J.     Objection to Proposed Conclusion of Law 63

MET objects to proposed Conclusion of Law 63 because it is conclusory and provides no analysis supporting the determination that the Transfer constituted a transfer of “an interest of Hologenix in property” within the meaning of 11 U.S.C. § 547(b). The proposed conclusion merely

-6-

states an ultimate legal conclusion without identifying the legal or factual bases supporting that determination.

Moreover, to the extent proposed Conclusion of Law 63 is intended to support subsequent conclusions regarding MET's alleged status as a transferee or beneficiary under § 550, MET objects because the District Court previously held that the Sullivan Declaration contained competent factual testimony regarding the nature of the transfer, MET's lack of access to the funds, and the disposition of the funds following receipt by counsel, which created a triable issue of fact. [*See* Docket No. 946, p. 9 of 10.]

### K.    Objection to Proposed Conclusion of Law 64

MET objects to proposed Conclusion of Law 64. First, it improperly resolves disputed issues of fact concerning whether MET exercised dominion or control over the Transfer and whether MET was the initial transferee of funds. The District Court reversed the prior grant of summary judgment after holding that the Sullivan Declaration contained competent factual testimony. Specifically, the District Court held "[w]ithout weighing the declaration or making any sort of credibility determination ... it appears that Ms. Sullivan''s declaration, even without the attached exhibits, contained factual statements — not conclusions — regarding the timing of the transfer of the payment (which was immediate) from MET's lawyers to the eventual recipient, and whether Met ever had access to the money (it didn't, only the law firm did)." [Docket No. 946, p. 9 of 10, ll. 18-26.]  Accordingly, the District Court concluded that the Sullivan Declaration created a triable issue of fact concerning the disposition of the funds and MET's alleged exercise of dominion and control over them.

Notwithstanding the District Court's ruling, proposed Conclusion of Law 64 states that the Transfer was made "to or for the benefit of MET" and relies upon inferences drawn in Hologenix's favor concerning MET's alleged receipt, control, and benefit from the funds. Because the District Court determined that the Sullivan Declaration created a genuine dispute concerning those very issues, those questions cannot properly be resolved on summary judgment.

Second, proposed Conclusion of Law 64 improperly relies on MET's discovery responses and proof of claim as conclusive evidence that MET received the Transfer. MET never disputed that

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

Hologenix made the payment required by the Settlement Agreement or that the payment ultimately reduced the amount claimed under the Settlement Agreement. The disputed issue, however, is whether MET ever obtained the dominion and control necessary to constitute an "initial transferee" under § 550. The District Court specifically identified those issues as creating a triable dispute.

Third, proposed Conclusion of Law 64 improperly concludes that, even if Legalist received the Transfer, the Transfer was necessarily made "for the benefit" of MET because it reduced Hologenix's debt and allegedly satisfied MET's obligation to Legalist. That conclusion depends upon contested factual and legal determinations concerning the nature of the Legalist arrangement, the intended beneficiary of the Transfer, and the extent to which MET actually received a direct benefit from the Transfer. Those disputed issues cannot be resolved in Hologenix's favor on summary judgment.

Fourth, proposed Conclusion of Law 64 improperly collapses the distinct categories of liability recognized by § 550(a)(1). The conclusion asserts both that the Transfer was made to MET and that, even if it was transferred to Legalist, it was made for the benefit of MET. By finding both theories simultaneously, the proposed conclusion eliminates the very factual and legal distinctions that are the subject of MET's conduit defense and the District Court's remand order. Whether MET was an initial transferee, a mere conduit, an entity for whose benefit the transfer was made, or none of those categories remains the central disputed issue in this proceeding. Accordingly, proposed Conclusion of Law 64 improperly resolves disputed questions of fact and law against MET and should be deleted or substantially revised.

Finally, MET objects to the statement in the proposed Conclusion of Law: "MET admitted without qualification that MET received a payment of $100,000.00 on or about March 9, 2020." The cited discovery response does not constitute an admission that MET exercised dominion or control over the funds, that MET was the initial transferee under § 550, or that MET had the right to use the funds for its own purposes. MET consistently maintained that the funds were transmitted to counsel, that MET never exercised dominion or control over the funds, and that the funds were transferred to Legalist pursuant to the arrangement described in the Sullivan Declaration. The District Court specifically held that the Sullivan Declaration contained competent factual testimony

regarding whether MET ever had access to or control over the funds and that those facts created a triable issue for trial. Accordingly, the cited discovery response does not resolve the disputed issue of dominion and control and cannot support summary judgment in Hologenix's favor.

### L.    Objection to Proposed Conclusions of Law 65 and 66

MET objects to proposed Conclusions of Law 65 and 66 to the extent those conclusions are used to establish that the Transfer was necessarily made "to or for the benefit of" MET within the meaning of 11 U.S.C. §§ 547, 550.

Proposed Conclusion of Law 66 improperly conflates MET's status as a creditor with the separate and disputed questions of whether MET exercised dominion or control over the Transfer, whether MET was an initial transferee, whether MET was merely a conduit, and whether MET was an entity for whose benefit the Transfer was made. While MET acknowledged that it held a claim against Hologenix under the Settlement Agreement, MET consistently disputed that it exercised dominion and control over the transferred funds and maintained that the funds were transferred by counsel to Legalist pursuant to the arrangement described in the Sullivan Declaration.

The District Court expressly held that the Sullivan Declaration contained competent factual testimony regarding the transfer of the funds, whether MET ever had access to the funds, and whether MET exercised control over them, and further held that those facts presented a triable issue for resolution by the factfinder. Specifically, the District Court held that the Sullivan Declaration contained factual testimony regarding "whether Met ever had access to the money (it didn't, only the law firm did)" and that the declaration presented a question of fact concerning the transfer. [*See* Docket No. 946, p. 9 of 10.]

Accordingly, while MET does not dispute its status as a creditor, proposed Conclusion of Law 66 improperly treats creditor status as dispositive of contested issues that the District Court determined could not be resolved on summary judgment. To the extent proposed Conclusions of Law 65 and 66 are intended to establish that the Transfer was made to or for the benefit of MET as a matter of law, MET objects and requests that those conclusions be revised accordingly.

### M.    Objection to Proposed Conclusion of Law 69

MET objects to proposed Conclusion of Law 69 to the extent it concludes, as a matter of

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

-9-

law, that "[t]he Transfer was made to partially satisfy Hologenix's debt to MET under the Settlement Agreement" and therefore "was made for or on account of an antecedent debt owed by Hologenix before the Transfer was made."

The proposed conclusion improperly assumes the very factual and legal issues that remain disputed. Although MET does not dispute the existence of the Settlement Agreement or that Hologenix owed obligations thereunder, the District Court held that the Sullivan Declaration contained competent factual testimony concerning the nature of the Transfer, the timing of the movement of funds, whether MET ever had access to the funds, and whether MET exercised dominion or control over them. [*See* Docket No. 946, p. 9 of 10.] The District Court further held that those facts created a triable issue for resolution by the factfinder. [*Id.*]

Proposed Conclusion of Law 69 assumes that the Transfer was a payment to MET on account of an antecedent debt, notwithstanding the disputed evidence concerning whether the funds were ever under MET's dominion or control and whether the Transfer was instead made pursuant to the funding arrangement described in the Sullivan Declaration. Because those factual disputes remain unresolved, proposed Conclusion of Law 69 cannot properly be determined on summary judgment.

MET further objects because proposed Conclusion of Law 69 ignores MET's contemporaneous-exchange-for-new-value defense. Under MET's theory, the Settlement Agreement and accompanying release provided value in exchange for the payment. At a minimum, the legal effect of that exchange remains disputed and should not be resolved against MET through a conclusory statement that the Transfer was made solely on account of an antecedent debt.

**N.** **Objection to Proposed Conclusion of Law 73**

MET objects to Proposed Conclusion of Law 73 because it improperly resolves disputed factual issues concerning the hypothetical Chapter 7 analysis required by 11 U.S.C. § 547(b)(5). The proposed conclusion assumes the accuracy of Hologenix's liquidation analyses and concludes that general unsecured creditors would not be paid in full in a Chapter 7 liquidation, thereby establishing that MET received more through the Transfer than it would have received in a hypothetical Chapter 7 case. Those conclusions depend upon disputed assumptions regarding the value of the estate, creditor recoveries, and the accuracy of Hologenix's liquidation analyses.

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

MET further objects because Proposed Conclusion of Law 73 improperly treats MET's admission of insolvency as resolving the distinct inquiry required under § 547(b)(5). While MET admitted that Hologenix was insolvent, MET did not admit the accuracy of Hologenix's liquidation analyses or that the Transfer enabled MET to receive more than it would have received in a Chapter 7 liquidation.

Finally, proposed Conclusion of Law 73 relies upon liquidation analyses prepared as of the Petition Date and October 1, 2022 while disregarding evidence that Hologenix's financial condition, assets, and business circumstances materially changed during the years that followed. Accordingly, proposed Conclusion of Law 73 rests upon disputed factual assumptions and cannot properly be resolved on summary judgment.

**O.    Objection to Proposed Conclusion of Law 74**

MET objects to proposed Conclusion of Law 74 because it is wholly derivative of the preceding conclusions and improperly states that Hologenix satisfied its burden under § 547(b) as a matter of law. As set forth in MET's objections to proposed Conclusions of Law 64, 66, 69, and 73, the proposed conclusions resolve disputed factual issues concerning dominion, control, transferee status, conduit liability, beneficiary liability, antecedent debt, and the § 547(b)(5) analysis. Because those issues remain genuinely disputed, Hologenix has not established entitlement to judgment as a matter of law. Proposed Conclusion of Law 74 should be deleted or substantially revised.

**P.    Objection to Proposed Conclusion of Law 77**

MET objects to proposed Conclusion of Law 77. Proposed Conclusion of Law 77 acknowledges MET's position that, by entering into the Settlement Agreement and providing an immediate release of its claims, MET furnished value to Hologenix in exchange for the Transfer. Proposed Conclusion of Law 77 nevertheless summarily concludes that MET's argument "lacks merit." That conclusion improperly resolves disputed legal and factual questions concerning the nature of the consideration exchanged under the Settlement Agreement and fails to construe the evidence and reasonable inferences in the light most favorable to MET as the non-moving party.

**Q.    Objection to Proposed Conclusions of Law 78-80**

MET objects to proposed cnclusions of law 78-80. Those conclusions effectively adopt a

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

categorical rule that the release of claims can never constitute "new value" for purposes of 11 U.S.C. § 547(c)(1). The proposed conclusions cite no controlling Ninth Circuit authority adopting such a rule and instead resolve disputed legal issues concerning the effect of the Settlement Agreement and the consideration exchanged between the parties. Whether the release of claims and elimination of litigation risk supplied value sufficient to satisfy § 547(c)(1) remains a disputed legal issue that should not be resolved against MET on summary judgment.

### R.      Objection to Proposed Conclusion of Law 81

MET objects to proposed Conclusion of Law 81. Proposed Conclusion of Law 81 states that "[t]here is no evidence" that MET provided Hologenix money, goods, services, new credit, or other qualifying consideration in exchange for the Transfer and further states that there is "no evidence" that the parties intended the Transfer to be an exchange for new value. That conclusion ignores the Settlement Agreement itself, which constitutes evidence regarding the consideration exchanged by the parties and their intentions in entering into the transaction. At a minimum, the Settlement Agreement constitutes evidence relevant to the parties' intent and to MET's contention that Hologenix received value through the resolution of litigation and the release of claims. Accordingly, proposed Conclusion of Law 81 improperly weighs the evidence and resolves disputed factual inferences in Hologenix's favor.

### S.      Objection to Proposed Conclusion of Law 82

MET objects to proposed Conclusion of Law 82 because it is derivative of proposed Conclusions of Law 77-81 and improperly concludes that MET failed to satisfy its burden under § 547(c)(1) as a matter of law. As set forth above, genuine disputes remain concerning the nature of the consideration exchanged under the Settlement Agreement, the parties' intent, and the legal significance of MET's release of claims. Because those issues remain disputed, proposed Conclusion of Law 82 should be deleted or substantially revised.

### T.      Objection to Proposed Conclusion of Law 83

MET objects to proposed Conclusion of Law 83 to the extent it suggests that MET's status as an initial transferee or beneficiary has been established as a matter of law. Whether MET was an initial transferee, a mere conduit, or an entity for whose benefit the Transfer was made remains

-12-

genuinely disputed for the reasons set forth herein.

**U.     Objection to Proposed Conclusions of Law 87 and 88**

MET objects to proposed Conclusion of Law 88. The District Court expressly held that the Sullivan Declaration contained factual statements—not legal conclusions—regarding the timing of the transfer and whether MET ever had access to the funds. Specifically, the District Court held that the declaration contained factual testimony regarding "whether Met ever had access to the money (it didn't, only the law firm did)" and presented a question of fact for trial. Proposed Conclusion of Law 88 nevertheless recharacterizes the same testimony as a legal opinion and concludes that it is insufficient to create a genuine issue for trial. That conclusion cannot be reconciled with the District Court's remand order and should be deleted or substantially revised. Moreover, proposed Conclusion of Law 87 states that MET presented no evidence of certain facts that are contradicted by the Sullivan Declartion – particularly the statement that MET never had control or dominion over the $100,000, which precludes the Court from adopting the statements in proposed Conclusion of Law 87 without improperly drawing inferences against MET and weighing evidence.

**V.     Objection to Proposed Conclusions of Law 89-90**

MET objects to proposed Conclusions of Law 89 and 90. Those conclusions improperly resolve disputed factual issues concerning dominion, control, and transferee status. The District Court held that the Sullivan Declaration created a triable issue of fact regarding whether MET ever had access to or control over the funds. Proposed Conclusions of Law 89 and 90 nevertheless conclude that "no reasonable jury" could find for MET and that White and Williams, LLP acted solely as MET's agent as a matter of law. Because those conclusions resolve disputed factual issues against the nonmoving party, they cannot properly be entered on summary judgment.

**W.     Objection to Proposed Conclusions of Law 91-94**

MET objects to proposed Conclusions of Law 91 through 94. These conclusions improperly reject the Sullivan Declaration's testimony concerning the timing of the transfer to Legalist and the immediacy of that transfer. The District Court specifically relied upon Sullivan's testimony concerning the timing of the transfer when concluding that genuine issues of fact existed. Proposed Conclusions of Law 91 through 94 instead determine that "no reasonable jury" could conclude that

-13-

the transfer was immediate or almost immediate and discount Sullivan's testimony as inconsistent, unsupported, or lacking personal knowledge. Those determinations constitute improper credibility findings and improper weighing of evidence on summary judgment.

### X.      Objection to Proposed Conclusions of Law 95-96

MET objects to proposed Conclusions of Law 95 and 96. These conclusions improperly determine that MET was an entity for whose benefit the Transfer was made and that no reasonable jury could conclude otherwise. Whether MET actually benefited from the Transfer, whether any benefit was direct or indirect, and whether satisfaction of obligations under the Legalist arrangement constituted a qualifying benefit under § 550 are disputed issues of fact and law. Proposed Conclusions of Law 95 and 96 therefore resolve contested issues in Hologenix's favor and cannot properly be determined on summary judgment.

### Y.      Objection to Proposed Conclusions of Law 97

MET objects to proposed Conclusion of Law 97. Proposed Conclusion of Law 97 concludes that MET was either the initial transferee of the Transfer or an entity for whose benefit the Transfer was made and therefore is strictly liable under § 550(a)(1). The conclusion further states that MET's conduit defense is "totally without merit." This conclusion improperly resolves all disputed issues concerning dominion, control, conduit status, transferee status, and beneficiary liability against MET notwithstanding the District Court's determination that the Sullivan Declaration created triable issues of fact concerning those very subjects. Because those issues remain genuinely disputed, proposed Conclusion of Law 97 cannot properly be entered on summary judgment and should be deleted.

### Z.      Objection to Proposed Conclusion of Law 99

MET objects to proposed Conclusion of Law 99 because the issue was not raised in Debtor's post-remand summary judgment brief. See Adv. Proc. Dkt. No. 104. Debtor did not raise the issue in its post-remand summary judgment briefing, likely because any request for disallowance under § 502(d) had become moot once MET paid the alleged preference amount, together with interest. The fact that the funds were subsequently deposited into escrow pursuant to Court order pending resolution of the appellate process does not alter the fact that MET has paid the amount at issue and

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

satisfied the obligation that § 502(d) is designed to enforce.

MET further objects to proposed Conclusion of Law 99 because it is entirely dependent upon the Court's prior conclusions that the Transfer is avoidable under § 547 and recoverable from MET under § 550. As set forth in MET's objections to proposed Conclusions of Law 64, 66, 69, 73-74, and 83-97, those determinations resolve disputed factual and legal issues concerning dominion, control, transferee status, conduit liability, beneficiary liability, and avoidability of the Transfer. Because those issues remain genuinely disputed, the Court cannot conclude as a matter of law that MET's claim must be disallowed under § 502(d).

MET further objects to proposed Conclusion of Law 99 because it is inconsistent with the language of § 502(d). MET has paid the funds subject to the Transfer and they presently remain on deposit with the Court pursuant to prior orders. Accordingly, the proposed Conclusion incorrectly assumes that MET has failed to satisfy § 502(d), despite that any release of the funds when in fact the funds have already been turned over and remain the subject of ongoing appellate and remand proceedings. The proposed conclusion therefore improperly conflates avoidance liability with claim disallowance and would deprive MET of creditor status despite MET's satisfaction of the very obligation that § 502(d) is intended to enforce.

### AA.    Objection to Proposed Conclusion of Law 100

MET objects to proposed Conclusion of Law 100 to the extent it is intended to support disallowance under § 502(d). While MET does not dispute that funds were deposited with the Court registry following remand, Proposed Conclusion of Law 100 omits the procedural context in which those funds were returned to the registry after the District Court reversed the original summary judgment ruling. As presently drafted, proposed Conclusion of Law 100 is incomplete and may create the misleading impression that MET remains in possession of funds that are, in fact, being held by the Court pending further proceedings.

### BB.    Objection to Proposed Paragraph 104

MET objects to submiting additional findings of fact and conclusions of law into paragraph 104 as well as noting that "the Court believes that MET has not made a strong showing that it is likley to succeed on the merits of its appeal." There was no such finding made by the Court at the

remand hearing on May 26. The Court weight MET's oral application for a stay and as it did for the request to stay confirmation of the Plan and assumption of Seth Casden's employment agreement, the Court agreed to stay enforcement of the summary judgment order and believed maintaining the status quo (including the funds remaining in escrow with the Court) was warranted without further motion practice, *i.e.* because the Court "want[ed] to save everybody trouble." Doc. 1161 at 39.

### CC.    Objection to Proposed Paragraph 105

MET objects to the langauge of paragraph 105 because it is not what was ordered by the Court at the remand hearing on May 26. The Court decided on MET's oral application to grant the stay of enforcement of the summary judgment decision "until the district court riles on whether or not the stay should continue." Doc. 1161 at 38.

### DD.    Objection to Judgment

MET objects to the Proposed Judgment to the extent it assumes that MET's claim may be disallowed under § 502(d) based on the preference ruling. That assumption is incorrect. Section 502(d) operates as a coercive mechanism to compel repayment of avoidable transfers; it does not permanently extinguish claims after repayment has occurred. Because MET has already paid the amount of the alleged preference, there is no remaining basis to disallow its claim under § 502(d), whether the funds remain in escrow or are ultimately released to the Debtor. The Proposed Judgment therefore improperly conflates avoidance liability with claim disallowance and would deprive MET of creditor status despite MET's satisfaction of the very obligation that § 502(d) is designed to enforce.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-16-

The Proposed Judgment therefore improperly conflates avoidance liability with claim disallowance and would deprive MET of creditor status—and potentially standing in these proceedings—despite MET's satisfaction of the very obligation that § 502(d) is designed to enforce. Although the Debtor sought disallowance under § 502(d), any such request became moot once MET paid the amount of the alleged preference and the funds were deposited into escrow pursuant to Court order. The Debtor's attempt to incorporate claim-disallowance consequences into the Proposed Judgment notwithstanding MET's satisfaction of § 502(d) improperly expands the effect of the Court's ruling and seeks relief to which the Debtor is no longer entitled under the statute.

DATED:  July 21, 2026          WHITE AND WILLIAMS LLP

By:  ___*/s/ Nicole A. Sullivan*___
NICOLE A. SULLIVAN (pro hac vice)
THOMAS E. BUTLER (pro hac vice)
Attorneys for Creditor Multiple Energy
Technologies, LLC

DATED:  July 21, 2026          ELKINS KALT WEINTRAUB REUBEN
GARTSIDE LLP

By:  ___*/s/ Roye Zur*___
ROYE ZUR
LAUREN GANS
Attorneys for Creditor Multiple Energy
Technologies, LLC

ELKINS KALT WEINTRAUB REUBEN GARTSIDE LLP
10345 W. Olympic Blvd.
Los Angeles, California 90064
Telephone: 310.746.4400 • Facsimile: 310.746.4499

-17-

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10345 W. Olympic Blvd., Los Angeles, CA 90064

A true and correct copy of the foregoing document entitled (*specify*): **MULTIPLE ENERGY TECHNOLOGIES, LLC'S OBJECTION TO PROPOSED ORDER OR JUDGMENT IN ADVERSARY PROCEEDING RE: FINDINGS OF FACT AND CONCLUSIONS O FLAW IN SUPPORT OF ORDER (1) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND (3) STAYING JUDGMENT FOR A LIMITED TIME** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 21, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) July 21, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 21, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
United States Bankruptcy Court
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 21, 2026 | Lauren B. Wageman | /s/ Lauren B. Wageman |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                     **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
   - **Todd M Arnold**    tma@lnbyg.com
   - **Ron Bender**    rb@lnbyg.com
   - **John-Patrick M Fritz**    jpf@lnbyg.com, JPF.LNBYB@ecf.inforuptcy.com
   - **Gregory Kent Jones (TR)**    gjones@sycr.com,
     smjohnson@sycr.com;C191@ecfcbis.com;cpesis@stradlinglaw.com
   - **Tinho Mang**    tmang@marshackhays.com,
     tmang@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@ecf.courtdrive.com;cmendoza@marshackhays.com
   - **Kurt Ramlo**    RamloLegal@gmail.com, kr@ecf.courtdrive.com;ramlo@recap.email
   - **Nicole Sullivan**    sullivann@whiteandwilliams.com,
     vulpioa@whiteandwilliams.com,arthura@whiteandwilliams.com
   - **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
   - **David Wood**    dwood@marshackhays.com,
     dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com
   - **Roye Zur**    rzur@elkinskalt.com,
     lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**